**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

MARCUS O'NEAL EVANS, #311436,

        Petitioner,

v.                                 ACTION NO. 2:06cv29

GENE M. JOHNSON,
Director V.D.O.C.,

        Respondent.

**UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying the petition for writ of habeas corpus.

**I. STATEMENT OF THE CASE**

**A. Background**

Petitioner Marcus O'Neal Evans ("Evans") was convicted in Hampton Circuit Court of possession of cocaine with intent to distribute, possession of a firearm by a convicted felon, possession of a firearm while simultaneously possessing cocaine, and felony evading and eluding. He was sentenced to a term of fifteen years imprisonment.

Evans's direct appeal of his convictions to the Virginia Court of Appeals was denied on

January 23, 2003, and his appeal to a three-judge panel of that court was denied on April 11, 2003.

The Virginia Supreme Court refused Evans's petition for appeal on September 3, 2003.  Evans then

filed a habeas petition in the Virginia Supreme Court which was dismissed on January 10, 2005.

Evans, presently in the custody of the Virginia Department of Corrections at the Nottoway

Correctional Center in Burkeville, Virginia, filed this petition for writ of habeas corpus pursuant to

28 U.S.C. § 2254 on January 19, 2006.  Evans filed a motion to proceed in forma pauperis [Doc. No.

3] on February 3, 2006.  However, he paid the filing fee on February 29, 2006; therefore, the motion

is moot.  On March 29, 2006, respondent filed a Rule 5 Answer and Motion to Dismiss.

## B. Grounds Alleged

Evans asserts the following entitle him to relief under 28 U.S.C. § 2254:

(a)   he was denied effective assistance of counsel due to his
      counsel's failure to subpoena certain witnesses after obtaining
      a continuance to do so; and,

(b)   he was denied effective assistance of counsel due to his
      counsel's failure to interview or call Antione Pope to testify
      despite his presence in the courtroom on the day of trial.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

In order for this Court to address the merits of this habeas petition, all of Petitioner's claims

must be exhausted.  See 28 U.S.C. § 2254(b) (2000).  The exhaustion requirement is satisfied when

the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as

those advanced at least once to the highest state court."  Pruett v. Thompson, 771 F. Supp. 1428,

1436 (E.D.Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993).  Exhaustion may be accomplished either

on direct appeal or in post-conviction proceedings.  See O'Sullivan v. Boerckel, 526 U.S. 838, 844

2

(1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also  Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997).  Evans's habeas petition to the Virginia Supreme Court for a writ of habeas corpus contained the same claims raised in the present petition; therefore, Evans's Grounds (a) and (b) meet the exhaustion requirement.

Despite this, Evans's action here is barred by the statute of limitations.  The statute of limitations for actions under 28 U.S.C. § 2254 is provided in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . .

28 U.S.C. § 2244(d)(1)(A) (2000).

The Virginia Supreme Court denied Evans's petition for appeal on September 3, 2003.  For a prisoner, like Evans, who does not file a Petition for Writ of Certiorari in the United States Supreme Court, the clock begins to run when the time for seeking certiorari expires (ninety days after the highest state court rules).  See Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000). Therefore, the statutory period of limitations for filing Evans's federal habeas petition began running on December 2, 2003.

Under 28 U.S.C. § 2244(d)(2) the statute of limitations clock is paused during the time that a petition for state collateral review is pending.  Section 2244(d)(2) provides:

> the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute of limitations is tolled for the whole duration of state collateral review, from the time the initial petition is filed until the final ruling is made, including any gaps in between. See Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999).  However, while 28 U.S.C. § 2244(d)(2) pauses the clock during a pending state collateral review it does not reset the clock.  See Harris, 209 F.3d at  327.

Evans executed his state habeas petition on August 25, 2004, pausing the clock after over eight months had expired.[1]  On January 10, 2005, the Virginia Supreme Court dismissed Evans's petition and the clock began to run again on the less than four months remaining under the federal statute of limitations.

Evans had until approximately April 18, 2005, to file his habeas petition.  Evans did not sign his federal petition until January 9, 2006, over eight months after the statute of limitations deadline. This Court cannot reach the merits of Evans's claims, because the claims are barred by the statute of limitations.  Therefore, this Court recommends denial of Evans's petition.

## III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Evans's petition for writ of habeas corpus be DENIED as barred by the statute of limitations, and the respondent's motion to dismiss be GRANTED.

Evans has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant

---

[1]        The prison mailbox rule established in Houston v. Lack, 487 U.S. 266 (1988), has not explicitly been extended to applications for collateral review.  The Fourth Circuit Court of Appeals has reserved that question.  See United States v. Torres, 211 F.3d 836, 837 n.3 (4th Cir. 2000).  However, the rationale behind the holding in Houston, that prisoners "file" an appeal when they deliver it to prison officials for mailing because a pro se prisoner has no choice but to entrust the forwarding of his documents to prison authorities whom he cannot control and who may have incentive to delay, is an appropriate consideration in petitions for collateral review.

to Rule 22(b) of the Federal Rules of Appellate Procedure. <u>See</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322 (2003).

## IV.  **REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the  Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, <u>see</u> 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this court based upon such findings and recommendations.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

_____
/s/
Tommy E. Miller
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

July 11, 2006

## <u>CLERK'S MAILING CERTIFICATE</u>

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Marcus O'Neal Evans, #311436
Nottoway Correctional Center
P.O. Box 488
Burkeville, VA 23922


Stephen R. McCullough, Esq.
Office of the Attorney General
900 East Main Street
Richmond, VA 23219

Fernando Galindo, Acting Clerk

By _____
       Deputy Clerk

       July    , 2006